FILED
2019 May-08 PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CORY KEMP, *pro se*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 7:18-cv-01647-LSC |
| v. | ) |
| | ) |
| GAMESTOP, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF OPINION**

Before the Court is Defendant GameStop Inc.'s Motion to Dismiss and Motion to Compel Arbitration. (Doc. 9.) Plaintiff was ordered to show cause as to why this motion should not be granted. (Doc. 10.) Plaintiff has not responded to this Court's order, and the briefing period has now expired. Accordingly, the motion is now ripe for review. For the reasons explained more fully herein, Defendant's motion (doc. 9) is due to be granted.

**I.   BACKGROUND**

Defendant GameStop, Inc. ("GameStop") hired Plaintiff Cory Kemp ("Kemp"), an African American, to work at the company's Northport, Alabama location in 2009. Kemp reached the position of Assistant Store Manager before he was terminated in April 2017 for allegedly accepting damaged merchandise. In

October 2018, Kemp initiated suit alleging that he was terminated because of his race in violation of Title VII and 42 U.S.C. § 1981. (Doc. 1.)

GameStop is a retailer of new and pre-owned video games, systems, accessories, and entertainment computer software. (Doc. 9 at 1.) GameStop and its affiliates operate in over 7,000 locations across the United States and employ approximately 40,000 employees worldwide. (*Id.* at 2.) GameStop maintains an arbitration procedure and process for its employees, called the C.A.R.E.S. Rules of Dispute Resolution Including Arbitration Program ("C.A.R.E.S. [1] Program"). (*Id.*) This dispute resolution program features a multi-step dispute resolution procedure that culminates in final and binding arbitration that permits the parties to arbitrate their disputes as if they were in federal court.[2] (*Id.* at 2–3.) The C.A.R.E.S Program's arbitration provision applies to:

> any "Covered Claim" . . . . A Covered Claim is any claim asserting the violation or infringement of a legally protected right, whether based on statutory or common law, brought by an existing or former employee or job applicant, arising out of or in any way relating to the employee's employment, the terms or conditions of employment, or an application for employment, including the denial of employment. . . . Covered Claims include:

---

[1] C.A.R.E.S. stands for Concerned Associates Reaching Equitable Solutions. (Doc. 9-1 at 9.)

[2] The C.A.R.E.S. Program's arbitration provision provides that each party may be represented by counsel, permits discovery pursuant to the federal rules of civil procedure, and applies the same law that a federal court would to the claims.

- Discrimination or harassment on the basis of race, sex, religion, national origin, age, disability or other unlawful basis (for example, in some jurisdictions protected categories include sexual orientation, familial status, etc.). . . .

(Doc. 9-1 at 11.) During his employment, Kemp received a copy of the C.A.R.E.S. Program materials. GameStop's Associate Handbook also references the C.A.R.E.S. Program and sets forth its procedures in its entirety. In 2014, GameStop revised its Associate Handbook and required Kemp to login to GameStop's online human resources information system ("HRIS") to review the revised Associate Handbook.

In March 2014, Kemp logged on to GameStop's HRIS with his unique username and password. Once logged in, Kemp confirmed that he read, understood, and agreed with the provisions of the E-Signature Consent by submitting his electronic signature. (Doc. 9 at 3–4.) Through this agreement Kemp agreed that the use of an e-signature would have the same effect of his physical signature. (*Id.* at 4.)

On July 5, 2014, Kemp logged on to GameStop's HRIS using his unique username and password. Kemp reviewed GameStop's updated Associate Handbook and electronically signed the following statement by clicking the box labeled "I agree":

> I acknowledge that I have received a copy of the Handbook and a copy of the GameStop C.A.R.E.S. Rules for Dispute Resolution. The Handbook summarizes certain information about Company policies, procedures, and practices. The GameStop C.A.R.E.S. Rules for Dispute Resolution set forth the Company's procedures for resolving disputes, ending in final and binding arbitration. I understand that it is my responsibility to read and familiarize myself with the information contained in both of these documents. I understand that my employment with the Company is "at will," and that either I or the Company may end my employment at any time and for any reason. I agree that all disputes and claims covered by the GameStop C.A.R.E.S. Rules for Dispute Resolution will be resolved pursuant to such Rules rather than in court. This includes all legal, equitable, and statutory claims and all class, collective or representative action claims in which I might be included, as described in the GameStop C.A.R.E.S. Rules for Dispute Resolution. I understand that at any time and for any reason, the Company may make changes to the Handbook, without prior notice, and that GameStop may make prospective changes to the GameStop C.A.R.E.S. Rules for Dispute Resolution by giving 30 calendar days 'notice.

(Doc. 9-1 at 5–6, 32.)

## II. STANDARD OF REVIEW

In ruling on a motion to compel arbitration, this Court applies a standard similar to review of a motion for summary judgment. S*ee In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (describing an order compelling arbitration as "summary-judgment-like" because it is "in effect a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate"). A motion for summary judgment is due to be granted upon a showing that "no genuine dispute as to any material fact"

remains to be decided in the action and "the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material "if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). A genuine dispute as to a material fact exists where "the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

### III. DISCUSSION

"The threshold question of whether an arbitration agreement exists at all is 'simply a matter of contract.'" *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). "Absent such an agreement, a court cannot compel the parties to settle their dispute in an arbitral forum." *Id.* (internal quotation marks omitted). The Eleventh Circuit has consistently maintained that "*state law generally governs whether an enforceable contract or agreement to arbitrate exists.*" *Id.* (quoting *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) (emphasis added)).

Under Alabama law, the movant must prove "the existence of a contract calling for arbitration and proving that that contract evidences a transaction

affecting interstate commerce" in order to compel arbitration. *Regions Bank v. Neighbors*, 168 So. 3d 1, 2 (Ala. 2014) (citing *TranSouth Fin. Corp. v. Bell*, 739 So. 2d 1110, 1114 (Ala. 1999)). If the movant carries its burden, the non-movant must prove "that the supposed arbitration agreement is not valid or does not apply to the dispute in question." *Jim Burke Auto., Inc. v. Beavers*, 674 So. 2d 1260, 1265 n.1 (Ala. 1995).

GameStop has met its burden of proving the existence of a contract calling for arbitration. GameStop has submitted a copy of the arbitration agreement Kemp specifically signaled his assent to on July 4, 2015, when he clicked the "I agree" box that attached his e-signature to the arbitration agreement between the parties contained in the Associate Handbook.[3] *See Smith v. Mark Dodge, Inc.*, 934 So. 2d 375, 380 (Ala. 2006) (citing *Ex parte Stamey*, 776 So. 2d 85, 88–89 (Ala. 2000)) ("A party typically manifests its assent to arbitrate a dispute by signing the contract containing the arbitration provision.") Accordingly, there is a valid and binding agreement between the parties.[4]

The agreement falls within the scope of the Federal Arbitration Act ("FAA"). Employment agreements may constitute contracts evidencing a

---

[3] Under Alabama law, an electronic signature has the same legal effect as a written ink signature. Ala. Code §8-1A-9 (2015).

[4] Kemp has not responded to Defendant's Motion. Accordingly he has waived any argument that the agreement is not valid or does not apply to the claims in question.

transaction involving interstate commerce. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001); *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F. 3d 1255, 1258 n.2 (11th Cir. 2003) ("the FAA applies to all arbitration agreements involving interstate commerce, including employment contracts"). Gamestop sells new and pre-owned video games, systems, accessories, and entertainment computer software in over 7,000 locations across the United States. Accordingly, Kemp's employment agreement with GameStop is a contract evidencing a transaction involving interstate commerce. *See, e.g.*, *Allied Bruce-Terminix Co. v. Dobson*, 513 U.S. 265, 281-82 (1995).

Kemp's claims are covered by the arbitration agreement in the C.A.R.E.S. Program. The C.A.R.E.S. program's language is clear and unambiguous as it indicates that it covers all employment disputes and that the parties consent to "final and binding arbitration" regarding these disputes. The C.A.R.E.S. program specifically lists out "Discrimination or harassment on the basis of race" as a covered claim. (Doc. 9-1 at 11.) Accordingly, Kemp's claims that he was terminated due to racial discrimination in violation of Title VII and § 1981 fall squarely within the scope of the arbitration agreement.

## IV. CONCLUSION

For the reasons explained above, GameStop's motion to dismiss and motion compel arbitration (doc. 9) is due to be granted. Accordingly, Kemp's action is due to be dismissed without prejudice. Either party may move this Court to reopen the case in order to enforce any award resulting from the arbitral proceedings. An order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on May 8, 2019.

*/s/ L. Scott Coogler*
L. Scott Coogler
United States District Judge

195126